# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| COLETTE BELL,<br><br>      Plaintiff,<br><br>v.<br><br>SYNCHRONY BANK,<br><br>      Defendant. | Case No.: 3:20-cv-50078<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>   **1. TCPA, 47 U.S.C. § 227,**<br><br>   **2. Invasion of Privacy - Intrusion Upon Seclusion** |

## COMPLAINT FOR DAMAGES

Plaintiff, Colette Bell ("Plaintiff"), through her attorneys, alleges the following against Synchrony Bank, ("Defendant" or "Synchrony"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the

- 1 -

solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

3. Subject matter jurisdiction of the Court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

4. In addition, Subject matter jurisdiction of the Court arises under 28 U.S.C. 1332 as the parties are citizens of different states and the amount of controversy exceeds $75,000.00.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

6. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in McHenry County, State of Illinois.

8. Defendant is a creditor engaged in the business of issuing consumer credit cards. Defendant can be served with process at 170 West Election Road, Suite 125, Draper, Utah 84020.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

//

## **FACTUAL ALLEGATIONS**

10. In or around May of 2019, Plaintiff lost her job and was unable to keep up with certain financial obligations, resulting in her falling behind on her Synchrony accounts.

11. Upon information and belief, the missed payments on her Synchrony accounts caused her interest rates to increase and multiple late fees were added to her accounts. The higher interest rates and late fees made it even more difficult to catch up on the accounts. The missed payments caused Synchrony to start placing calls to Plaintiff's cellular phone.

12. In or around July of 2019, Defendant began placing calls to Plaintiff's cellular phone, ending in (XXX) XXX-7469, in an attempt to collect an alleged debt related to her Synchrony accounts.

13. The calls placed by Defendant mainly originated from the following numbers: 770-238-1941, 330-280-5508, 330-433-5039, 866-923-8370, 855-341-9750, 407-541-6744, 770-283-1527, 937-401-4809, 480-877-3888, 330-280-9621, 937-401-9510, 407-670-7817, 330-280-9615, 800-278-2273, 469-333-4360, 330-280-9607, 937-401-4810, 855-217-5874, 469-476-3319, 800-255-5345, 480-877-3873, and 480-877-3877.

14. On or about May 12, 2019, at 10:43 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak,

indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (770) 238-1941.

15. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Synchrony account.

16. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's request not to be contacted, Defendant continued to call Plaintiff.

17. On or about May 12, 2019, at 3:26 p.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (330) 280-5508.

18. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Synchrony account.

19. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's second request not to be contacted, Defendant continued to call Plaintiff.

20. On or about May 23, 2019, at 10:00 a.m., Plaintiff answered a collection call from Defendant; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system. Plaintiff spoke with Defendant's representative, from telephone number (866) 923-8370.

21. Defendant informed Plaintiff that it was attempting to collect a debt relating to her Synchrony account.

22. Plaintiff unequivocally revoked consent to be called any further. Despite Plaintiff's third request not to be contacted, Defendant continued to call Plaintiff.

23. Between May 12, 2019 and November 20, 2019, Defendant called Plaintiff no less than two hundred thirty (230) times.

24. Defendant regularly called Plaintiff one (1) to four (4) and on some occasions, up to seven (7) times a day on her cellular phone.

25. Many times, when Plaintiff answered calls from Defendant, there was a pre-recorded message or no person on the phone.

26. Upon information and belief, Defendant called Plaintiff's family and/or friends to embarrass Plaintiff and induce her to make a payment on the Account.

27. Defendant's daily calls to Plaintiff's cellular phone were a constant reminder of her financial struggle, causing Plaintiff increased stress and anxiety.

28. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish, stress, and lack of sleep.

## COUNT I
### Defendant Synchrony's Violations of the TCPA, 47 U.S.C. § 227

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendants violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendants willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

31.     As a result of Defendants' violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

//

## COUNT II
### Defendant Synchrony's Invasion of Privacy
### (Intrusion upon Seclusion)

32.  Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

33.  Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

   a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite multiple requests for the calls to cease.

   b. Defendants conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's daily schedule.

   c. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34.  As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages. If the Court finds that the conduct is found to be egregious, Plaintiff may recover punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Colette Bell, respectfully requests judgment be entered against Defendant for the following:

   A. Declaratory judgment that Defendants violated the TCPA;

B. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

C. Actual and punitive damages resulting from the invasion of privacy;

D. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

E. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

RESPECTFULLY SUBMITTED,

PRICE LAW GROUP, APC

Date: February 27, 2020

By: */s/ David A. Chami*
David A. Chami (AZ #027585)
PRICE LAW GROUP, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com

By: */s/ Tarek N. Chami*
Tarek N. Chami (Michigan #P76407)
PRICE LAW GROUP, APC
22000 Michigan Ave., Suite 200
Dearborn, MI 48124
T: (313) 444-5029
F: (888) 428-7911
E: tarek@pricelawgroup.com

- 8 -

By: */s/ Syed H. Hussain*
Syed H. Hussain (Illinois #63331378)
PRICE LAW GROUP, APC
440 N. McClurg Ct., #803
Chicago, Illinois 60611
T: (954) 225-4934
F: (818) 600-5415
E: syed@pricelawgroup.com

*Attorneys for Plaintiff,*
*Colette Bell*